**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4023**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

BENJAMIN JUSTIN JONES,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Dennis L. Howell,
Magistrate Judge.  (1:09-mj-00071-DLH-1)

Submitted:  September 24, 2010      Decided:  November 22, 2010

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Ann L. Hester, Fredilyn Sison, FEDERAL
DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North
Carolina, for Appellant.  David A. Thorneloe, OFFICE OF THE
UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Justin Jones pled guilty to one count of misdemeanor escape, in violation of 18 U.S.C. § 751(a) (2006). The district court sentenced Jones to 10 months' imprisonment. In this appeal, counsel for Jones filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether Jones's sentence is procedurally and substantively reasonable. Jones did not file a pro se supplemental brief, though informed of his right to do so. The Government elected not to file an answering brief.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id.; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). In addition, this court presumes a sentence within a properly determined advisory

2

Guidelines range is substantively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We conclude that Jones's sentence is both procedurally and substantively reasonable. The district court properly calculated Jones's Guidelines range, treated the Guidelines as advisory, and considered the applicable § 3553(a) factors. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Moreover, the district court based its sentence on its "individualized assessment" of the facts of the case. Carter, 564 F.3d at 328. Lastly, Jones has not rebutted the appellate presumption that his within-Guidelines sentence is presumptively reasonable. Thus, the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Jones's conviction and sentence. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED